UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )    Criminal No. 08-cr-30037-MAP
UNITED STATES OF AMERICA            )
                                    )
v.                                  )
                                    )
TIMOTHY BRUCE CALLAHAN,             )
            Defendant               )
                                    )
_____)

MOTION UNDER 28 U.S.C. § 2255 AND OTHER AUTHORITIES TO VACATE, SET ASIDE
OR CORRECT SENTENCE IMPOSED FOR VIOLATION OF SUPERVISED RELEASE

Timothy Bruce Callahan, under 28 U.S.C. § 2255 and other legal authorities cited below, moves this Court to vacate the sentence imposed on him on October 9, 2013, for his violation of supervised release.[1] In the alternative, he requests other relief as requested. An Affidavit and a Detainer are attached in support as Exhibits #1 and #2. Kindly Note: If relief is allowed as requested, relief would become effective on or before April 8, 2014. Also Kindly Note: The Government takes no position on this motion. See Section IV below.

I. The Grounds:

A. Ineffective Assistance of Counsel

    1) Callahan was entitled to assistance of counsel under Fed. R. Crim. Pro. 32.1

    (b)(2)(D), 18 U.S.C. § 3006A, and the Due Process Clause of the Fifth

---

[1] If the Court is inclined to find that it has no jurisdiction under §2255 and if the Court does not grant the relief requested on other grounds, Callahan asks that he be allowed to withdraw his motion – in so far as it is a motion under §2255 – so that he may file a new motion under §2255 at such time as his federal sentence actually begins to run. (This conditional request to withdraw his assertion of §2255 authority is repeated in the final section under Relief Requested.)

Page 1 of 6

---

[Handwritten margin annotation:]
In the absence of any opposition from the government, this motion is hereby ALLOWED. The eighteen-month sentence of imprisonment is hereby vacated. Defendant will serve a term of eighteen months supervised release to commence upon his completion of any state court sentence served.

Michael A. Ponsor
USDJ
4-21-14